Elizabeth F. Rojas
15260 Ventura Blvd.
Suite 710
Sherman Oaks, CA  91403
Telephone:  (818) 933-5700
Facsimile:   (818) 933-5755

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| IN RE<br><br>Jerome Saul Contreras<br><br><br><br>DEBTOR | CHAPTER 13<br>CASE NO. 9:17-bk-12153-DS<br><br>**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN; DECLARATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION**<br><br>**DATE/TIME: February 22, 2018  10:00 am**<br>**Courtroom 202**<br>**1415 State Street**<br>**Santa Barbara, CA  93101** |
|---|---|

The Trustee objects to confirmation of the plan because all requirements for confirmation as set forth in Title 11 of the United States Code and the Rules have not been met.

The Trustee requests, should all requirements not be met, that confirmation of the plan be denied, the case be dismissed or converted to Chapter 7 and for such other relief as the Court may deem appropriate.

**THE FAILURE OF THE DEBTOR (OR THE ATTORNEY FOR THE DEBTOR) TO APPEAR AT THE CONFIRMATION HEARING, OR TO FULLY COMPLY WITH ALL REQUIREMENTS FOR PLAN CONFIRMATION, MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE.**


DATED: January 11, 2018                                             /s/  Elizabeth F. Rojas


**I, Elizabeth F. Rojas, declare as follows:**

1. I am the Trustee in this matter, Jerome Saul Contreras, 9:17-bk-12153-DS, and I have personal knowledge of files and records kept by my office in the regular course of business.  I have personally reviewed the files and records kept by my office in the within case.  The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed plan because of the deficiencies set forth in the attached which is incorporated herein by reference.  These deficiencies existed prior to or at the time of the 11 USC §341(a) meeting in this matter.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sherman Oaks, California on January 11, 2018.                /s/  Elizabeth F. Rojas

I oppose plan confirmation because the **Debtor has failed to**:

☐ schedule debts within the limits of 11 USC §109(e); and therefore **ineligible**; and/or Debtor is not eligible to be a Chapter 13 Debtor as follows:

☒ **disclose** [11 USC §521, LBR 1017-1(b)]
  ☒ assets   ☐ creditors   ☐ income   ☒ prior case
  - **prior case not disclosed**
  - **3 prior cases filed**
  - **need fmv of personal property**
  - **contractor's license**
  - **fmv of real property > scheduled**
  - **652 Corte Sol: $795,853 FMV vs. $700k scheduled value [$63,185 non-exempt equity]; 801 Walker Ave: $619,325 FMV vs. $480k scheduled value [$169,779 equity; $41,600 per debtor's FMV-no-exemption claimed]**
  - **provide evidence of FMV for both properties; need status of lawsuit against Wells Fargo**

☒ **serve all** creditors with notice and the Plan at least 28 days before the 11 USC §341(a) Meeting of Creditors, FRBPs 2002(b), 7004 and LBR 3015-1(b)(3);
  - **Incorrect form used; debtor to amend to use Notice form in effect at the time of filing and prior to 12/1/17**

☒ provide the Trustee **documentation of all income** (as well as any contributor's income) seven days before the §341(a) Meeting of Creditors. LBR 3015-1(c)(3), 11 USC § 521;
  - **2016 tax return; 2017 tax return (when filed)**
  - **6 months LEGIBLE evidence of income prior to filing or evidence of income used to calculate amount stated on schedule I with debtor's explanation/calculation of income**
  - **rental income**
  - **real property questionnaire (for all rental property)**

☐ meet the **business reporting requirements** regarding Debtor's business or self-employment, LBR 3015-1(c)(4);

☒ provide to the Trustee completed copies of the Federal and State **income tax returns**, 11 USC §§ 1308 and 521, LBR 3015-1(c)(3).
  - **2016 tax return; 2017 tax return (when filed)**

☒ propose a plan that is feasible 11 USC § 1325(a)(6); the plan is **infeasible** because
  ☐ certain claims are not included and/or the amount provided is insufficient
  ☐ income is not sufficient enough to fund it
  ☐ plan payment will not retire debt within term
  ☒ the plan does not propose treatment and/or properly treat all scheduled, priority and/or secured creditors; and/or plan deficiencies as follows:
    - *****NO REVIEW*****  Incorrect plan form used; debtor to amend to use plan in effect at the time of filing and prior to 12/1/17**

☒ propose a plan that represents the Debtor's **best effort** 11 USC §1322; 11 USC §1325

[x] unreasonable and/or unnecessary expenses are scheduled
   - **Copy of car notes**
   - **Chase**

[x] the budget surplus exceeds the monthly plan payment
   - **Surplus income per schedules**
   - **$6,065**

[ ] comply with the Means Test as required by the Code, In re Kagenveama, 541 F3d 868, and/or In re Lanning, 1330 S.Ct.2464

[x] propose a plan that provides creditors as much as would be received under **Chapter 7** 11 USC §1325(a)(4).
   **- $1,500 electronics; $300 jewelry (both not exempt); Plus equity in real properties-[Plan must pay 100% for liquidation]**

[x] other issues as stated below:
   **- Trustee to request interlineations that all tax returns be submitted to the Trustee; all tax refunds to be submitted into the plan and the Debtor will not incur debt greater than $500 without Court permission.**
   **- Incomplete Schedules**
   **- Amend Schedule C to state specific amount of exemption being claimed for each car and for correct code to exempt jewelry**
   **- debtor exceeds car exemption**
   **- /exemption amounts unclear: uncheck box regarding "100%" language on Schedule C--Must state specific amount of exemption being claimed for car**
   **- incorrect exemption code sections**
   **- 704.020 used to exempt jewelry**
   **- provide schedule D to Trustee w/ complete account #s**

# PROOF OF SERVICE

In Re:  Jerome Saul Contreras
         Case No. 9:17-bk-12153-DS

I, Sophia Lawrence, am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

    Elizabeth F. Rojas
    15260 Ventura Blvd.
    Suite 710
    Sherman Oaks, CA  91403

The foregoing document described as **TRUSTEE'S OBJECTION TO CONFIRMATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION** will be served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

On January 11, 2018, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitues a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Jerome Saul Contreras
652 Corte Sol
Camarillo, CA  93010

SEVAG SIMONIAN
Simonian & Simonian, PLC
144 North Glendale Avenue, #228
Glendale, CA  91206

Hon. Deborah Saltzman
1415 State Street, Courtroom #202
Santa Barbara, CA 93101-2511

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: January 11, 2018                                                  /s/  Sophia Lawrence